IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMMY EDWARD HATFIELD, ET AL. | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 3-08-CV-1210-K |
| SHERIFF HAROLD EAVENSON, ET AL. | § § § | |
| Defendants. | § § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a putative civil rights class action brought by Timmy Edward Hatfield and Phillip Daniel Hernandez, appearing *pro se*, on behalf of themselves and other inmates at the Rockwall County Jail. On July 16, 2008, plaintiffs tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiffs in their financial affidavits indicates that they lack the necessary funds to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to each plaintiff in order to obtain additional information about the factual basis of their claims. Hatfield answered the interrogatories on August 7, 2008.

That same day, an unopened envelope containing the interrogatories sent to Hernandez at the Rockwall County Jail was returned to the clerk with the notation, "Return to Sender. No Longer At This Address." For the reasons stated herein, the magistrate judge now recommends that Hatfield's claims be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2), and that Hernandez's claims be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

Plaintiffs generally allege that inmates at the Rockwall County Jail do not have access to an adequate law library and legal assistance. In particular, plaintiffs contend that the legal materials available to prisoners are insufficient, that the computer and printer do not function properly, that standard legal paper, stamps, and envelopes are not provided, and that there is no tutor to assist inmates. According to Hatfield, the only plaintiff who answered interrogatories, these deficiencies prevent him from researching issues and filing motions in his pending criminal case and the instant civil rights action, thereby depriving him of due process, equal protection under the law, and access to the courts. (*See* Mag. J. Interrog. #1, Cl. 1 & 14). Hatfield further alleges that jail officials ignore his grievances, that he is not given copies of his grievances, and that there is no appeal process after a grievance is denied. (*See id.*, Cl. 2). By this suit, plaintiffs seek $1.5 million in damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim on which relief may be granted; or

    (3)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1231 (2008).

B.

Hatfield's claim involving the Rockwall County Jail law library must be analyzed under the more general right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). Prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *Id.*, 97 S.Ct. at 1495; *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 118 S.Ct. 559 (1997). Such a right "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 612, 30 L.Ed.2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). However, the right of access for prisoners is not unlimited. "[I]t encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'"

*Johnson*, 110 F.3d at 310-11, *quoting Lewis v. Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996). In order to establish a claim for denial of access to the courts, a prisoner must demonstrate that he suffered "actual injury." *Lewis*, 116 S.Ct. at 2180. This, in turn, requires proof that the denial of access "hindered his efforts to pursue a legal claim." *Id.* Moreover, an inmate who is represented by counsel in an ongoing criminal proceeding has no constitutional right of access to a law library in connection with that proceeding. *See Caraballo v. Federal Bureau of Prisons*, 124 Fed.Appx. 284, 285, 2005 WL 673501 at *1 (5th Cir. Mar. 23, 2005).

In his interrogatory answers, Hatfield states that he cannot assist in the defense of his criminal trial because only Texas case law is available on computers provided by the jail and none of those authorities are helpful. Hatfield also complains that he does not have access to state or federal rules, regular law books, a tutor, functional computer equipment, postage, and envelopes. (*See* Mag. J. Interrog. #1, Cl. 1 & 14). However, by his own admission, Hatfield is represented by counsel in the criminal proceeding. (*See* Mag. J. Interrog. #14). Although Hatfield contends that his lack of access to an adequate law library and legal materials has hindered efforts to fire his attorney, there is no suggestion that the criminal case has been prejudiced in any way. *See Lewis v. Smith*, 107 Fed.Appx. 429, 2004 WL 1842617 at *1 (5th Cir. Aug. 18, 2004), *cert. denied*, 125 S.Ct. 1650 (2005) (dismissing appeal as frivolous where prisoner alleged that limited access to law library prevented him from firing his court-appointed lawyer, but failed to show actual prejudice).

Nor has Hatfield shown that his lack of access to legal materials prejudiced his ability to prosecute the instant case. Hatfield was able to prepare and file a 23-page complaint and timely answer interrogatories. *See Johnson v. Biden*, No. 07-394-GMS, 2007 WL 4205976 at *3 (D. Del. Nov. 26, 2007) (prisoner was not denied access to courts with respect to pending civil rights action where she was able to file pleadings in that case). That Hatfield was not assisted by jail officials or

was forced to barter for envelopes does not give rise to a constitutional violation. *See Norman v. Bauer*, No. 1-04-CV-00005-MP-AK, 2007 WL 528030 at *11 (N.D. Fla. Feb. 13, 2007) (prisoner did not suffer actual injury merely because he was forced to sell food in order to buy stamps to mail legal documents).

C.

Hatfield also challenges the manner in which jail officials handle inmate grievances. Insofar as Hatfield seeks relief for a due process violation resulting from the jail grievance procedures, his claim is without an arguable basis in law. "[A] prisoner has a liberty interest only in 'freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996), *quoting Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). There is no federally protected liberty interest in having grievances addressed, investigated, or favorably resolved. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

D.

To the extent Hatfield claims an equal protection violation, he must show that he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir.), *cert. denied*, 125 S.Ct. 153 (2004); *see also Smith v. Hamlin*, No. 3-99-CV-0007-P, 1999 WL 1044600 at *2 (N.D. Tex. Nov. 17, 1999), *aff'd*, 226 F.3d 641 (Table), 2000 WL 1029018 (5th Cir. Jul. 7, 2000). Hatfield fails to allege any facts which, if proved, establish that similarly situated inmates were treated differently with respect to their access to legal materials or the handling of their grievances. The closest Hatfield comes is claiming that some inmates get blank typing paper and some inmates have their grievances answered, while other prisoners are denied such rights. (*See*

Mag. J. Interrog. #15). However, even if those allegations are true, no facts are alleged to suggest that such disparate treatment stemmed from discriminatory intent. *See Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987) ("Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes, . . . must plead the operative facts upon which their claim is based. Mere conclusory allegations are insufficient.").

III.

With respect to the claims alleged by Phillip Daniel Hernandez, those claims should be dismissed without prejudice. A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to Hernandez at the Rockwall County Jail--the only address provided by him. However, Hernandez is no longer incarcerated at that facility and has not provided the court with his current address. Without this information, the court cannot communicate with Hernandez and this litigation cannot proceed. Dismissal is the only option available under the circumstances. *See Weatherspoon v. Ahmed*, No. 3-07-CV-0369-K, 2007 WL 1062162 at *1 (N.D.

Tex. Apr. 10, 2007) (dismissing complaint for failure to provide court with current address).[1]

## RECOMMENDATION

The claims brought by Timmy Edward Hatfield should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2). The claims brought by Phillip Daniel Hernandez should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Hernandez was well aware of his obligation to notify the court of any change of address and the consequences of failing to do so. The form 1983 complaint signed by Hernandez states, in pertinent part:

> It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked "NOTICE TO THE COURT OF CHANGE OF ADDRESS" and shall not include any motion(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

(Plf. Compl. Form at 2).